Argued March 13, affirmed March 19, 1952

IN RE GEORGE O'BEIRNE, ALLEGED DEPENDENT
MINOR

O'BEIRNE *v.* STATE OF OREGON

241 P. 2d 874

*John P. Hannon*, of Portland, argued the cause and filed briefs for appellants.

*Manche Irene Langley*, Deputy District Attorney, of Portland, argued the cause for respondent. On the brief were John B. McCourt, District Attorney, and Grace L. Bottler, Deputy District Attorney, of Portland.

Before HAY, Acting Chief Justice, and ROSSMAN, LATOURETTE, WARNER and TOOZE, Justices.

WARNER, J.

This is an appeal from a judgment entered in the Department of Domestic Relations of the lower court declaring George Carroll O'Beirne, a minor, to be a dependent child and committing him to the custody of the Boys' and Girls' Aid Society of Oregon.

The child is the adopted son of George O'Beirne and Pauline O'Beirne, his former wife. The mother had custody of the boy, who was about three years old at the time of the hearing. This proceeding was predicated upon a petition alleging the child's dependency arising from the fact that his home "by reason of cruelty on part of the mother is an unfit place for said child." The charge is laid under § 93-602, OCLA, wherein one of the definitions of a dependent child is: A child under the age of 18 years "whose home by

reason of * * * cruelty * * * on the part of [its] parents * * * is an unfit place'' for such child.

It appears that for some time past, Mrs. O'Beirne had operated in her own residence, as a foster mother, a nursery for the care of the children of others left with her on a temporary basis.

■ The appellants make three assignments of error. The first claimed that the evidence fails to support or justify the lower court's order. We have read the record, comprehending as it does the testimony of eleven witnesses called by the State and ten called in behalf of the appellants. We have also examined the exhibits, including as they do pictures showing the body bruises on the subject child. We can see no good purpose in spreading the substance of that evidence, except to say that we are of the opinion that it amply supports the charge made. In coming to that conclusion in a matter of this kind, we must necessarily place great reliance upon the judgment of the trial judge who had an opportunity to hear and observe the parties before him. In this instance, our confidence in the judgment of the lower court is fortified by the knowledge of his familiarity with and long experience in successfully disposing of delicate problems involved in determination of child welfare.

Appellants' second allegation of error rests upon the assertion that the court permitted witnesses to testify concerning Mrs. O'Beirne's treatment of other children entrusted to her care in connection with her vocation as a foster mother for hire. These instances were, however, limited to the time while little George was a member of her household.

The gravamen of the charge here is the maintenance of a home which, by reason of cruelty, is an unfit place

for a child of tender years to live. It is the fitness of the environment in which the child dwells that is made a matter of public concern and judicial inquiry. The charge laid in this case comprehends more than subjecting the child to physical violence by those with whom he resides. It encompasses, among other things, acts of cruelty toward others, particularly toward children of tender years, the very existence of which might inspire immeasurable fear and terror in the adopted son of the O'Beirnes with consequent deleterious effects upon his nervous system and mental outlook, adversely tincturing his own temperament and character. The law with tender solicitude endeavors to protect the child not only from physical abuses but seeks to remove him from an environment wherein cruelty in any of its objectionable manifestations may directly or indirectly prevail to his harm and impair his development as a useful and happily adjusted person. "The welfare of the State demands that youth ripen into wholesome, useful citizenship." *State of Oregon v. Doud,* 190 Or 218, 225, 225 P2d 400.

■■ Whatever doubt may linger concerning appellants' second assignment of error is dispelled by the nature of the proceeding authorized by law. Section 93-605, OCLA, specifically directs that "the court shall proceed to hear and dispose of the case in a summary manner." Thus, a juvenile court enjoys, as it should, a latitude in procedure not known or permitted in courts trying criminal cases.

Appellants' third and last assignment of error is that there was no showing or evidence to indicate or prove that the lower court had "made any efforts or suitable efforts to rectify the alleged or purported

neglect of said minor child." This is premised upon that part of § 93-602, OCLA, reading:

" * * * Persons of either sex under eighteen years of age whose parents or guardians neglect or willfully fail to provide for them; or allow them to have vicious associates, or to visit vicious places; or fail to exercise proper parental discipline and control over them are classed as neglected children. It shall be the duty of courts and other public officers to labor with the parents or guardians *of such children,* and if possible induce them to perform their *neglected duties.* Subsequent to suitable efforts to compel the parents or guardians to rectify *said neglect,* and in event of the failure of such efforts, neglected children shall be classed as dependents." (Italics ours.)

The weakness of this argument is that § 93-602 relates to two classes of children commanding the attention of the court, that is, "dependent children" and "neglected children." Each class is therein separately defined. The mandate found in the foregoing section, "to labor with the parents or guardians of such children, and if possible induce them to perform their neglected duties" and thereafter to compel such parents or guardians to rectify such neglect, in our opinion applies solely to the parents or guardians of children who are in that section defined as "neglected children" and has no applicability to those who fall within the definition of "dependent children." The minor child here is charged as being a "dependent child"; and we must, therefore, hold that the appellants' third assignment of error is without merit.

AFFIRMED.